NO. 07-08-0207-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

SEPTEMBER 22, 2008
_____

YOHAWNN DANTE BYNES,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 31st DISTRICT COURT OF WHEELER COUNTY;

NO. 4062; HON. STEVEN RAY EMMERT, PRESIDING
_____

***ON ABATEMENT AND REMAND***
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Yohawnn Dante Bynes (appellant) appeals from his conviction for possession of a controlled substance with intent to deliver.  He filed his notice of appeal on May 15, 2008.  The clerk's record was filed on June 23, 2008, and the reporter's record July 15, 2008.  Appellant's brief was due on August 14, 2008.  No brief or extension was filed by that date with the Court.  On August 22, 2008, a letter was sent to appellant notifying him the brief

was overdue and that the brief or response was due on September 2, 2008. On September 12, 2008, we received a motion to extend the time to file his brief.

Consequently, since appellant has no attorney and a determination must be made on his indigency and whether he desires an attorney to represent him, we abate the appeal and remand the cause to the 31st District Court (trial court) for further proceedings. Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following:

1.    whether appellant desires to prosecute the appeal

2.    whether appellant is indigent and entitled to appointed counsel.

We further direct the trial court to issue findings of fact and conclusions of law addressing the foregoing subjects. Should the trial court find that appellant desires to pursue the appeal, is indigent and without counsel, we direct the trial court to appoint him same unless appellant knowingly waives his right to counsel. In either situation, the name, address, phone number, telefax number, and state bar number of the new counsel, if any, who will represent appellant on appeal must also be included in the court's findings of fact and conclusions of law. Furthermore, the trial court shall also cause to be developed 1) a supplemental clerk's record containing the findings of fact and conclusions of law and 2) a reporter's record transcribing the evidence and argument presented at the aforementioned hearing. Additionally, the trial court shall cause the supplemental clerk's record to be filed with the clerk of this court on or before October 22, 2008. Should additional time be needed to perform these tasks, the trial court may request same on or before October 22, 2008.

2

It is so ordered.

Per Curiam

Do not publish.